UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRANDI HERNDON, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:05CV2116 JCH |
| ) | |
| JC PENNEY COMPANY, INC., ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Remand, filed February 16, 2006. (Doc. No. 7). The matter is fully briefed and ready for disposition.

## **BACKGROUND**

By way of background, Plaintiff filed her original Petition in this matter in the Circuit Court of the City of St. Louis, Missouri, on or about October 11, 2005. (Petition, attached to Defendant's Notice of Removal (hereinafter "Complaint" or "Compl.")). In her Complaint, Plaintiff alleges in relevant part as follows:

3. That Plaintiff had an account with JCPenney Credit Services, and that payment was due for purchases on the twenty-second (22nd) of each month.

4. That on or about July 25, 2002, Defendant mailed a statement to Plaintiff a statement (sic) with a balance due of fifty-six dollars and ninety-one cents ($56.91); On August 13, 2002, Plaintiff went to a JCPenney store to pay her credit card balance; Defendant required Plaintiff to obtain a temporary JCPenney Credit Card. Plaintiff provided Defendant with her license and received a temporary credit card on which Defendant wrote what they purported to be Plaintiff's account number.

5. That Plaintiff used said temporary card to make a payment of sixty dollars ($60.00) to her account.

6. That Defendant had not written Plaintiff's account number on her temporary credit card, and did not credit Plaintiff's account with her payment.

7. That at the time, Plaintiff had a balance of fifty-six dollars and ninety-one cents ($56.91) on her account and should have received a credit of three dollars and nine cents ($3.09).

8. That on or about August 25, 2002, Defendant demanded payment of eighty-three dollars and thirteen cents ($83.13) from Plaintiff; Plaintiff contacted Defendant and informed them that payment had already been made, and on September 28, 2002, mailed proof of payment to the Defendant.

9. That though Plaintiff mailed Defendant proof of payment on September 28, 2002, Defendant again attempted to extort more money from Plaintiff on October 25, 2002 by demanding one hundred and nine dollars and thirty-three cents ($109.33), when Plaintiff refused to pay, Defendant continued to assess interest and penalties and threatened to send Plaintiff to collections.

10. That Defendant unleashed an incessant onslaught of annoying calls and did in fact turn the alleged debt over to debt collectors who called and continue to call each week at all hours.

(Compl., ¶¶ 3-10). Based on the above allegations, Plaintiff makes claims of Slander of Title (Count I), and Fraud (Count II). In her prayer for relief, Plaintiff states as follows:

> WHEREFORE, Plaintiff prays judgment against Defendant: (1) for actual damages in an amount justified by the extreme circumstances set forth herein; (2) for punitive damages in an amount sufficient to punish Defendant; and (3) for any other and further relief this honorable court may deem just.

(Compl., PP. 3, 4).

On November 10, 2005, Defendant JC Penney Company, Inc. removed Plaintiff's action to this Court, claiming diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. (Doc. No. 1). As stated above, Plaintiff filed her Motion for Remand on February 16, 2006. (Doc. No. 7). In her motion, Plaintiff maintains this Court lacks jurisdiction, as Defendant has failed to prove that the amount in controversy exceeds $75,000. (Id., ¶ 4).

## DISCUSSION

"It is well settled that on a Motion to Remand, the burden of establishing federal subject matter jurisdiction lies with the removing party." Rolwing v. NRM Corp., 2005 WL 1828813 at *2

(E.D. Mo. Aug. 2, 2005), citing In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1991). The amount in controversy requirement of diversity jurisdiction is strictly construed, and all doubts concerning federal jurisdiction are resolved in favor of remand. Id. (citations omitted). Further, the Eighth Circuit recently articulated the standard to apply in determining whether a federal court has subject matter jurisdiction in a removed case, as follows: "Where, as here, the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party,...must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." In re Minnesota Mut. Life Ins. Co. Sales Practices Litigation, 346 F.3d 830, 834 (8th Cir. 2003) (citation omitted).

In support of her Motion for Remand, Plaintiff asserts diversity jurisdiction does not exist in this matter, as her Complaint alleges actual damages in an amount less than five hundred dollars. (Plaintiff's Motion for Remand, ¶ 4). Defendant does not dispute this assertion. Defendant nevertheless maintains diversity jurisdiction is appropriate, based on (1) a demand letter sent by Plaintiff, offering to settle the suit for an amount slightly beneath the jurisdictional limit, and (2) Plaintiff's refusal expressly to limit her recovery to $75,000. (Defendant's Suggestion in Opposition to Plaintiff's Motion to Remand, P. 4). Upon consideration, however, the Court finds that with these assertions, Defendant has failed to meet its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. In re Minnesota Mut. Life Ins. Co. Sales Practices Litigation, 346 F.3d at 834. Further, while Defendant correctly notes Plaintiff seeks punitive damages in her Complaint, the Court finds that fact alone insufficient to satisfy Defendant's burden, especially in light of both the minimal amount of actual damages sought, and this Court's obligation to resolve all doubts concerning federal jurisdiction in favor of remand. Rolwing, 2005 WL 1828813 at *2. Plaintiff's Motion for Remand will therefore be granted.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand (Doc. No. 7) is **GRANTED**, and this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri. An appropriate Order of Remand will accompany this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Costs and Attorney's Fees is **DENIED**.

Dated this 3rd day of April, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE